**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| VICTOR M. DANDRIDGE, III, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil Action No. 3:22-cv-647–HEH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION
### (Resolving Pending Motions)

Victor M. Dandridge, III ("Dandridge"), submitted a petition under 28 U.S.C. § 2241 ("§ 2241 Petition") wherein he challenges the manner that Respondent has executed his sentence. (ECF No. 1 at 6–7.)[1] Because Dandridge has fully served the sentence that he seeks to challenge, the action will be dismissed as moot.

### I. Procedural History

Dandridge pled guilty to two counts of wire fraud and one count of bank fraud. *United States v. Dandridge*, 3:17CR83–HEH, ECF No. 30 at 1 (E.D. Va. Nov. 14, 2017). The Court sentenced Dandridge to 84 months of imprisonment, to be followed by three years of supervised release. *Id.* at 2–3.

On May 9, 2022, Dandridge submitted his § 2241 Petition wherein he sought release from incarceration. (ECF No. 1-1 at 1.) Dandridge asserted that, "based on [the] provisions of the First Step Act of 2018" he "has completed his federal sentence if his Earned Time Credits were to be correctly calculated by the Federal Bureau of Prisons."

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

(*Id.*) At the time he submitted his § 2241 Petition, Dandridge was serving his federal term of imprisonment in a home confinement placement. (ECF No. 15-1 ¶ 6.)

The Government responded that the Bureau of Prisons properly calculated Dandridge's Earned Time Credits under the First Step Act of 2018. (ECF No. 15 at 1.) Additionally, the Government indicated that Dandridge was scheduled to complete his term of imprisonment on January 16, 2023. (ECF No. 15-1 ¶ 5.) Accordingly, by Memorandum Order entered on April 19, 2023, the Court directed Dandridge to show cause why his § 2241 Petition should not be dismissed as moot because he had fully served the sentence he sought to challenge. (ECF No. 22.) Dandridge failed to respond.

## II. Analysis

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). No cause or controversy exists unless the petitioner has suffered an actual injury that can "be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). "[T]he amount of [good conduct time] credited towards Petitioner's prior sentence[] has no effect . . . on any term of imprisonment he could receive in the future." *Kokoski v. Small*, No. 5:07–0145, 2008 WL 3200811, at *3 (S.D. W. Va. Aug. 5, 2008); *see Scott v. Holt*, 297 F. App'x 154, 156 (3d Cir. 2008). Because Dandridge has fully served the sentence toward which he asserted he was entitled to additional Earned Time Credits, his § 2241 Petition will be dismissed as moot.

2

Dandridge filed a motion where he requests that the Court apply what he contends are his extra Earned Sentence Credits to shorten his term of supervised release. "[First Step Act] credits cannot be used to shorten a term of supervised release. Rather, the credits can only be used to allow early transfer to supervised release." *Harrison v. Fed. Bureau of Prisons*, No. CV 22-14312, 2022 WL 17093441, at *1 (S.D. Fla. Nov. 21, 2022). This is so because the relevant statute provides:

> **Application of time credits toward prerelease custody or supervised release**. – Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

18 U.S.C.A. § 3632(d)(4)(C). "Use of the word 'toward' means that credits can be applied to bring 'time in prerelease custody or supervised release' closer to occurring because credits applied 'toward' something generally means to bring that something closer to happening." *United States v. Calabrese*, No. 1:11-cr-00437, 2023 WL 1969753, at *2 (N.D. Ohio Feb. 13, 2023) (citation omitted). Accordingly, Dandridge's Motion for Reduction of Period of Supervised Release (ECF No. 19) will be denied.

### III. Conclusion

The § 2241 Petition and the action will be dismissed as moot. Dandridge's Emergency Motion to Be Placed into Supervised Release (ECF No. 17) will be denied as moot. The Government's Motion to Dismiss (ECF No. 13) and Motion for Summary Judgment (ECF No. 14) will be denied as moot. Dandridge's Motion for Reduction of Period of Supervised Release (ECF No. 19) will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
_____
Henry E. Hudson
Senior United States District Judge

Date: June 22, 2023
Richmond, Virginia